## J. M. BLAND v. THE STATE.

1. CHARGE UPON REASONABLE DOUBT. — Upon the subject of reasonable doubt, a charge couched in the language of the Code is all that is required, even in felony cases, and all that is advisable in any case. Attempts to elucidate that language are often mischievous and never necessary.

2. SAME. — In a misdemeanor case the court charged the jury to acquit the accused if they had a reasonable doubt of his guilt, "deduced from the testimony." *Held*, in view of the character of the case and of the evidence, that notwithstanding the interpolation, the charge is not error to the prejudice of the appellant.

3. VERDICTS are to have a reasonable intendment and to receive a reasonable construction, and are not to be avoided unless from necessity originating in doubt as to their import, immateriality of the issue found, or tendency to work injustice.

4. SAME. — The verdict in a misdemeanor case assessed a "find" against the accused of $100. *Held*, that the context shows that the word was intended for "fine," and it is susceptible of no other construction.

APPEAL from the County Court of Lamar. Tried below before the Hon. S. C. BRYSON, County Judge.

Information against the appellant for aggravated assault on William Stiles, with a pistol.

*Hale & Scott*, for the appellant.    Our statute (Pasc. Dig., art. 3105) says that a defendant in a criminal cause is presumed to be innocent until his guilt is established by legal evidence ; and in case of reasonable doubt as to his guilt, he is entitled to be acquitted.    We think this provision of the statute is plain and simple, and that a county judge who can read and write ought to be able to give it to a jury.    But in this case the court below tried to improve upon the statute, and charged the jury that the reasonable doubt " must be deduced from the testimony ; " thus assuming that the doubt must be predicated upon, or produced by, evidence, when we understand the rule to be that the doubt arises from the want of testimony going to show the defendant's guilt.    *Bray* v. *The State*, 41 Texas, 560.

The verdict of the jury, instead of assessing a " fine " against the defendant, is, " assess the find," when " fine " and " find " are two words of very different meaning.    " Fine," in its legal signification, means to assess or create a pecuniary obligation.    " Find " means to discover ; to search out something unknown.    It will not do to say the jury meant to say " fine " instead of " find."    The court has no more right to supply a material omission in a verdict, or to substitute a material word of a different meaning to the one used by the jury, than it has to make a new verdict, different from the one returned by the jury.    As to sufficiency of verdicts generally, see *Dillon* v. *Rogers*, 36 Texas, 152 ; *Long* v. *The State*, 34 Texas, 566 ; *Gibbs* v. *The State*, 34 Texas, 134 ; *Kuhlman* v. *Medlinka*, 29 Texas, 390 ; *Sheffield* v. *The State*, 1 Texas Ct. App. 640.

*W. B. Dunham*, for the State.

WINKLER, J.    Counsel for appellant, in their brief, say : " The assignment of errors in this cause raises but two distinct propositions of law : the legality of the charge of the

court below to the jury, and the sufficiency of the verdict in form and verbiage to authorize and sustain the judgment of the court.

The particular objection taken to the charge of the court at the time of the trial below, as set out in the bill of exceptions embodied in the transcript, is as follows : " Because the same is misleading, and, taken as a whole, is not a clear exposition of the law of the case." The verdict of the jury is in the following language, as we find it set out in the transcript, to wit : " We, the jury, find the defendant guilty as charged, and assess the *find* against defendant one hundred dollars."

From an examination of the testimony as set out in the statement of facts, we are of opinion there was no room for controversy as to whether or not the accused drew a pistol on the person alleged to have been assaulted. On this subject the evidence is so clear and explicit as not to admit of question. The controversy seems to have been as to the intention with which it was drawn — whether to inflict injury upon the assaulted party, or whether it was drawn for the purpose of self-defense against danger from him. This seems to have been the question arising out of the evidence, and on this subject we are of opinion the charge was sufficiently clear not to have misled the jury as to their province in applying the facts to the law, upon the main issue raised by the proofs, and was substantially the law of the case as made by the evidence.

It is contended, however, in the assignment of errors and in argument, that the charge on the subject of *reasonable doubt* was wholly incorrect. The charge on that subject is as follows : " Should you have a reasonable doubt as to the guilt of the defendant, deduced from the testimony, he is entitled to the benefit of that doubt, and you should acquit him.'

Much trouble has been occasioned by judges attempting to explain to jurors what is meant by the expression " reasonable doubt," employed in article 640 of the Code of Criminal Procedure (Pasc. Dig., art. 3105), which is as follows :

"A defendant in a criminal cause is presumed to be innocent until his guilt is established by legal evidence ; and in case of a reasonable doubt as to his guilt, he is entitled to be acquitted."

A charge couched in the language of the article is all the law requires, even in felonies. *Murray* v. *The State*, 1 Texas Ct. App. 417 ; *Black* v. *The State*, 1 Texas Ct. App. 368 ; *Hampton* v. *The State*, 1 Texas Ct. App. 652. No further explanation is necessary or desirable.

We find in the charge no material error of which the appellant can complain. In fact, the testimony was of a character not to leave in the minds of the jury any ground for a reasonable doubt as to his guilt, and the judgment ought not to be reversed on this ground. Being a case of misdemeanor, the court might have omitted to charge on the subject at all ; and, under the proofs, we fail to discover that inserting in the charge the words that the reasonable doubt should be " deduced from the testimony " was error.

As to the objection to the verdict. Verdicts are to have a reasonable intendment and to receive a reasonable construction, and are not to be avoided unless from necessity originating in doubt of their import, or immateriality of the issue found, or of their manifest tendency to work injustice. 1 Waterman on New Tr. 159, cited in *Lindsay* v. *The State*, 1 Texas Ct. App. 333.

In *Chambers* v. *The People*, 4 Scam. 333, the language of the verdict was : " We, the jury, find the defendant guilty of the crime ; " and the court say : " In a criminal case, a verdict is sufficient if the proper judgment to be rendered upon it can be pleaded in case of another indict

ment for the same offense. The words ' of the crime '
*   *   *   may be held surplusage." *Murray* v. *The State,*
and cases there cited, 1 Texas Ct. App. 327.

Testing the verdict in the present case, being a misde-
meanor, it is sufficient to support the judgment. There is
no ambiguity or uncertainty as to the fact that the jury
found the defendant guilty. This they say in the verdict.
" Guilty as charged," could only relate to the charge in
the information ; so that the verdict is explicit, whether
you look to the information for the charge, or regard the
words as surplusage.

The other feature of the verdict is in this language :
" And assess the find against defendant one hundred dol-
lars." Evidently the jury intended, as the true context
shows, to say, " and assess the fine," where they wrote the
word " find." Standing in the position it does in the sent-
ence it could have no other sensible meaning, and is suscept-
ible of but one construction, and was so understood by the
court in entering up the judgment upon it. There can be
no question that the conviction and judgment could be suc-
cessfully pleaded in bar of another prosecution for the same
offense.

After a careful examination of the whole case as disclosed
by the record, we see no sufficient reason to reverse the
judgment rendered.

The judgment is affirmed.

*Affirmed.*